UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S<span>TEVE</span> E<span>DGELL</span>, #262461,

      Plaintiff,                                 Hon. Paul L. Maloney

v.                                                   Case No. 1:23-cv-1012

U<span>NKNOWN</span> M<span>ILLER</span>, et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 18). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted and this action terminated.

## BACKGROUND

Plaintiff initiated this action against the following individuals employed at the Calhoun County Jail where Plaintiff was incarcerated when the events giving rise to this action occurred: (1) Sergeant Unknown Miller; (2) Sergeant Unknown Hamilton; (3) Lieutenant Unknown Harrington; and (4) Lieutenant Unknown Gault. (ECF No. 1). In his complaint, Plaintiff alleges the following.

On an unspecified date, Plaintiff reported to an unidentified jail official that it had been two days since he received his "mental health" medication. This official refused Plaintiff's request to confirm that he was supposed to receive his medication.

-1-

In response, Plaintiff "kicked on [his cell] door to get the Sergeant's attention." Sergeant Miller approached Plaintiff's cell. Plaintiff reiterated that he had not been given his medication in two days. Miller refused Plaintiff's request to inquire about the matter and instead informed Plaintiff that he was going to be placed in a restraint chair because he had been "kicking on the door." In response, Plaintiff "smeared human feces over [him]self."

Plaintiff was then placed in a restraint chair where he remained for several hours. During this time, Sergeants Miller and Hamilton refused Plaintiff's requests to eat, stretch, shower, or use the bathroom. Lieutenants Harrington and Gault failed to "step in" to remedy this circumstance. Plaintiff alleges that Defendants unlawfully retaliated against him, subjected him to excessive force, and violated his rights under the Americans with Disabilities Act. Defendants have moved for summary judgment. Plaintiff has failed to respond to Defendant's motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d

at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

## ANALYSIS

### I. Retaliation

Plaintiff alleges that he was placed in the restraint chair as a form of retaliation. To prevail on this claim, Plaintiff must satisfy three elements: (1) he was engaged in constitutionally protected conduct; (2) Defendant took adverse action against him which would deter a person of ordinary firmness from continuing to engage in protected conduct; and (3) the adverse action was motivated by Plaintiff's protected conduct. *See Holzemer v. City of Memphis*, 621 F.3d 512, 520 (6th Cir. 2010).

For present purposes the Court will assume that Plaintiff's request for medication constitutes protected conduct and, moreover, that placement in a restraint chair is sufficient to deter a person of ordinary firmness from continuing to engage in protected conduct. Plaintiff cannot, however, satisfy the third element of the analysis. Plaintiff has failed to respond to the present motion and has, therefore, failed to present evidence that Defendants' conduct was motivated by Plaintiff's protected conduct. Defendants, on the other hand, have submitted evidence that Plaintiff was placed in a restraint chair because he was suicidal and represented a threat to himself and others. (ECF No. 19-2, PageID.89-108). Specifically, Plaintiff acknowledged that he suffers from mental

illness, had previously refused treatment, and was suicidal during the encounter in question.  (*Id.*, PageID.93-96).  Plaintiff further conceded that he was "mule kicking" his cell door and "was a mentally ill person. . .covered in feces."  (*Id.*, PageID.97-99).  Accordingly, the undersigned recommends that Defendants are entitled to summary judgment on Plaintiff's retaliation claims.

## II.     Excessive Force

Plaintiff alleges that Defendants subjected him to excessive force.  Claims of excessive force asserted by individuals "in the criminal justice system" are analyzed pursuant to different constitutional provisions depending on the individual's status within that system.  *See, e.g., Hale v. Boyle County*, 18 F.4th 845, 852 (6th Cir. 2021).  Arrestee's claims are analyzed under the Fourth Amendment.  Claims by pretrial detainees are analyzed under the Fourteenth Amendment and claims by convicted prisoners are assessed under the Eighth Amendment.  *Ibid.*

Defendants assert that Plaintiff was a pretrial detainee when the relevant events took place.  This is consistent with Plaintiff's deposition testimony.  (ECF No. 19-2, PageID.92-94).  Moreover, Plaintiff has failed to dispute that he was a pretrial detainee at the time.  Accordingly, the Court will analyze Plaintiff's claims under the Fourteenth Amendment.

Previously, excessive force claims asserted by pretrial detainees were analyzed pursuant to the same Eighth Amendment standard applied to claims asserted by convicted prisoners.  *See Hale*, 18 F.4th at 852.  Pursuant to this standard, the Cort

undertook a two-part inquiry. The initial question is, objectively, whether the individual suffered pain or deprivation "sufficiently serious" to implicate the Eighth Amendment. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991). If so, the defendant's subjective mindset must be assessed. Specifically, the relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986).

Following the decision by the Supreme Court in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), however, the analysis applicable to excessive force claims has diverged. Specifically, the Court now applies a different analysis to excessive force claims asserted by pretrial detainees. First, it must be determined whether the defendant purposefully, knowingly, or recklessly "engaged in the alleged physical contact with the detained person." *Hale*, 18 F.4th at 852. With respect to this prong, "[m]ere negligence or accident will not suffice." Second, it must be determined whether the defendant's use of force was "objectively unreasonable." This is a "totality-of-the-circumstances analysis [which] hinges on the perspective of a reasonable officer on the scene and must account for the government's interests in prison management." *Ibid.*

Even if the Court assumes that Plaintiff can satisfy the first prong, Plaintiff cannot demonstrate that Defendants acted objectively unreasonably. Video evidence shows that Plaintiff was in the restraint chair for four hours during which time Plaintiff can be seen thrashing and acting out. (ECF No. 21). Plaintiff conceded at his

deposition that jail officials checked on him every 15 minutes during which time he never communicated that he wanted or needed to use the bathroom. (ECF No. 19-2, PageID.101, 103). Plaintiff further conceded that he was not assaulted during the time he was in the restraint chair. (*Id.*, PageID.99). The video evidence confirms that Plaintiff was not assaulted while he was in the restraint chair. (ECF No. 21).

Simply put, Plaintiff was placed in the restraint chair because, as he conceded during his deposition, he was "a mentally ill person. . .covered in feces" who was engaging in "self-harm" behavior. It was not unreasonable for Defendants, under the circumstances, to place Plaintiff in the restraint chair. *See, e.g., Assi v. Hanshaw*, 625 F.Supp.3d 722, 744 (S.D. Ohio 2022) (citation omitted) ("officials acted reasonably when they held a detainee in a restraint chair for four hours, because they believed the detainee was having a violent psychiatric episode").

Plaintiff, by failing to respond to the present motion, has failed to present any evidence suggesting that Defendants acted unreasonably. Simply put, no reasonable juror could conclude that the decision to place Plaintiff in the restraint chair, or his treatment while in the restraint chair, was objectively unreasonable. Accordingly, the undersigned recommends that Defendants are entitled to summary judgment on Plaintiff's excessive force claims.

### III. Americans with Disabilities Act

Plaintiff alleges that placement in the restraint chair violated his rights under the Americans with Disabilities Act (ADA).

Title II of the ADA provides that "no qualified individual with a disability shall by reason of such disability be excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Jones v. City of Monroe, Michigan*, 341 F.3d 474, 477 (6th Cir. 2003) (quoting 42 U.S.C. § 12132). The ADA defines "qualified individual with a disability" as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices. . .meets the essential eligibility requirements for receipt of services or the participation in programs or activities provided by a public entity." *Jones*, 341 F.3d at 477 (quoting 42 U.S.C. § 12131).

To prevail on a claim under Title II of the ADA, Plaintiff must establish: (1) he is a qualified person with a disability; (2) defendant is subject to the ADA; and (3) he was denied the opportunity to participate in or benefit from defendant's services, programs, or activities, or was otherwise discriminated against by defendant, by reason of his disability. *See Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).

Because Plaintiff is seeking monetary damages, he must further demonstrate that defendant acted with "deliberate indifference." *See, e.g., R.K. ex rel. J.K. v. Board of Education of Scott County, Kentucky*, 637 Fed. Appx. 922, 925 (6th Cir., Feb. 5, 2016); *Updike v. Multnomah County*, 870 F.3d 939, 949-51 (9th Cir. 2017). In this context, a party acts with deliberate indifference if it "disregards a known or obvious consequence of its actions, namely that its actions will violate the plaintiff's federally-protected rights." *R.K. ex rel. J.K.*, 637 Fed. Appx. at 925. Deliberate indifference is not

established by action that is merely negligent, rather Plaintiff must establish that Defendant acted with "deliberateness."  *Updike*, 870 F.3d at 950-51.

Even if the Court assumes that Plaintiff can satisfy the first two elements of the analysis, he cannot satisfy the third.  Plaintiff has presented no evidence that he was denied the opportunity to participate in or benefit from any service, program, or activity offered by the Calhoun County Jail.  Likewise, Plaintiff has presented no evidence that he was placed in the restraint chair or otherwise discriminated against because of his disability.  Again, the evidence reveals that Plaintiff was placed in the restraint chair because he was "a mentally ill person. . .covered in feces" who was engaging in "self-harm" behavior.  Accordingly, the undersigned recommends that Defendants are entitled to summary judgment on Plaintiff's ADA claims.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 18) be granted and this action terminated.  For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                  Respectfully submitted,

Date: September 26, 2024                          /s/ Phillip J. Green
                                                            PHILLIP J. GREEN
                                                            United States Magistrate Judge